IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON ALLEN ADKINS,

        **Plaintiff,**

v.                                                                       Civil Action No. 5:15cv148
                                                                    (Judge Stamp)

**MARVIN PLUMLEY, Warden, Huttonsville
Correctional Center; LESTER THOMPSON,
Unit Manager of B Unit, Huttonsville
Correctional Center; MIKE SMITH, (Lt.),
Correctional Officer, Huttonsville Correctional
Center; JOHN DOE, Dorm Officer,
Huttonsville Correctional Center; JANE DOE,
Medical Staff, Correctional Medical Staff Dept.;
and WEXFORD MEDICAL STAFF, Medical Staff,
Huttonsville Correctional Center,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Introduction

On November 23, 2015, Jason Allen, a West Virginia inmate incarcerated at the Huttonsville Correctional Center ("HCC"), filed this Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. ECF No. 1. On December 7, 2015, the Plaintiff was granted leave to proceed without prepayment of fees. ECF No. 10. On December 17, 2015, the Plaintiff paid the required initial partial filing fee. ECF No. 13.

### II. The Complaint

The Plaintiff indicates that on January 3, 2015, his cellmate died of natural causes. The Plaintiff further alleges that he attempted to gain the attention of correctional officers for 15-30 minutes. The Plaintiff maintains that after gaining the officers' attention, another 30 minutes went

by before the officers returned with medical staff. Accordingly, the Plaintiff maintains that he was locked in a cell with a dead body for 50 minutes  The Plaintiff continues by alleging that after being questioned by State police, he was permitted to return to his unit. Upon returning to his unit, the Plaintiff maintains that he was informed by Lt. Smith that it was his duty to clean up the bodily fluids left behind from the corpse. The Plaintiff indicates that when he arrived at his cell he asked the officer who was working the dorm how he was expected to clean the mess left behind without proper cleaning utensils. The Plaintiff alleges that he was told that he did not need any special cleaning supplies for the bodily fluids, and that if he did not clean up, he would be charged with refusing an order and put in the "hole." The plaintiff alleges that he did as ordered, and cleaned up what was "left of [his] cellmate." The Plaintiff continues by noting that after cleaning the floor, he asked about the mattress where he found his cellmate  because it had tears in it and had been exposed to numerous amounts of bodily discharges resulting from the death of his cellmate. The Plaintiff alleges that staff refused to remove this mattress from the cell, and he was forced to sleep on the lower bunk, with the mattress in question above him for two consecutive nights. He alleges that he feared that bodily fluids and discharges would seep through the holes  and drip down on him in the lower bunk.

    Although the Plaintiff alleges he was denied  his right to"equal protection," he provides no explanation for this allegation.  In addition, he alleges he was denied his due process rights, but again, provides no explanation.  Finally, he alleges that the Defendants were negligent  and inflicted cruel and unusual punishment with respect  to the events of January 3, 2015.

    The Plaintiff maintains that as a result of the events of January 3, 2015, he has experienced mental distress, anxiety, depression, posttraumatic stress disorder, and fear of sleeping. For relief,

he seeks punitive and monetary damages in the amount of $5 million as well as sanctions against all involved. Finally he requests that his medical bills for psychological help be paid.

### III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not

3

contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

## V. Analysis

The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation upon all actions arising from incarceration, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, the Plaintiff is seeking monetary damages. However, he has failed to allege that he suffered from any physical injuries as the result of the events he describes in his complaint.

## VI. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint, be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e) because he has no chance of success at receiving the relief requested.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 27, 2016.

                      */s/ Robert W. Trumble*
                      ROBERT W. TRUMBLE
                      UNITED STATES MAGISTRATE JUDGE