IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JASON ALLEN ADKINS,

        Plaintiff,

v.                                        Civil Action No. 5:15CV148
                                                            (STAMP)
MARVIN PLUMLEY, Warden,
Huttonsville Correctional Center,
LESTER THOMPSON, Unit Manager of B Unit,
Huttonsville Correctional Center,
MIKE SMITH (Lt.), Correctional Officer,
Huttonsville Correctional Center,
JOHN DOE, Dorm Officer,
Huttonsville Correctional Center,
JANE DOE, Medical Staff,
Correctional Medical Staff Department,
Huttonsville Correctional Center
and WEXFORD MEDICAL STAFF,
Medical Staff, Wexford Health,
Huttonsville Correctional Center,

        Defendants.


                **MEMORANDUM OPINION AND ORDER**
                **AFFIRMING AND ADOPTING REPORT AND**
                **RECOMMENDATION OF MAGISTRATE JUDGE**

                        I.  Background

    The pro se[1] plaintiff, a state inmate, instituted this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, the plaintiff alleges that he was left in a cell with a dead body for 40-50 minutes and was forced to clean up the bodily fluids from that dead body. Specifically, the plaintiff indicates that he attempted to gain the attention of the correctional officers for

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

15-30 minutes after his cellmate died of natural causes on January 3, 2015.  The plaintiff further indicates that, after gaining the officers' attention, the officers did not return with medical staff until after 30 minutes had passed.

The plaintiff then alleges that Lieutenant Mike Smith informed him that it was the plaintiff's duty to clean up the bodily fluids left behind from the corpse.  The plaintiff further alleges that the dorm officer would not provide him with cleaning supplies and told him that, if he did not clean up the bodily fluids, he would be charged with refusing an order and put in the "hole."  The plaintiff indicates that he cleaned the floor of the cell as he was told and then asked the staff what to do with his former cellmate's mattress.  The plaintiff alleges that the staff refused to remove the mattress, which had been exposed to the bodily discharges and had tears in it, and he was forced to sleep on the lower bunk beneath his former cellmate's mattress for two consecutive nights.  The plaintiff indicates that he feared the bodily discharges would seep through the holes and drip down onto him in the lower bunk.

The plaintiff claims he was denied his right to equal protection and his due process rights, but does not explain either of those claims.  The plaintiff also alleges that the defendants were negligent and inflicted cruel and unusual punishment with respect to the events of January 3, 2015.  As a result of the January 3, 2015 events, the plaintiff alleges he has experienced

mental distress, anxiety, depression, post-traumatic stress disorder, and fear of sleeping.  For relief, the plaintiff seeks punitive and monetary damages in the amount of $5,000,000.00 as well as sanctions against all defendants and the payment of his medical bills for psychological help.

United States Magistrate Judge Robert W. Trumble then entered a report and recommendation.  ECF No. 28.  In that report and recommendation, the magistrate judge recommends that the plaintiff's complaint be dismissed with prejudice.  The magistrate judge cited the Prison Litigation Reform Act of 1996 ("PLRA"), which requires proof of "physical injury" arising from the allegedly unconstitutional condition of incarceration.  The magistrate judge also noted that, under 42 U.S.C. § 1997e(e), a plaintiff cannot recover monetary damages for emotional distress.  In this civil action, the plaintiff seeks monetary damages and does not allege that he suffered any physical injuries.  Therefore, the magistrate judge determined that the plaintiff's complaint is frivolous because the plaintiff has no chance of success at receiving the relief. Accordingly, the magistrate judge recommends that the complaint be dismissed with prejudice.  The plaintiff did not file objections to the report and recommendation of the magistrate judge.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 28) is AFFIRMED and ADOPTED. Therefore, the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III.  Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States Gypsum Co., 333 U.S. at 395.  The magistrate judge properly reviewed the plaintiff's complaint to determine whether it was frivolous pursuant to 28 U.S.C. § 1915(e)(2).  A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint is also

4

frivolous if the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In this civil action, the magistrate judge correctly held the pro se complaint to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even liberally construed, the magistrate judge correctly determined that the plaintiff's complaint did not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). This Court agrees with the magistrate judge that the plaintiff has no chance of success in this civil action because he did not allege physical injury and seeks monetary damages for his emotional distress. As noted previously, the PLRA requires proof of physical injury in actions arising from incarceration and does not permit the recovery of monetary damages for emotional distress. Therefore, the findings of the magistrate are not clearly erroneous. Accordingly, the report and recommendation is AFFIRMED AND ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED. Accordingly, the plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 10, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE